UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

In the Matter of the Complaint

of

VERPLANCK FIRE DISTRICT, as Owner of the
Firefighting Vessel MARINE I, for Exoneration
from or Limitation of Liability.

**OPINION & ORDER**

21-CV-02954 (PMH)

PHILIP M. HALPERN, United States District Judge:

Verplanck Fire District ("Petitioner" or "VFD"), as owner of the firefighting vessel Marine I, commenced this action on April 6, 2021 against Troy Dyckman ("Claimant" or "Dyckman") pursuant to the Limitation of Liability Act of 1851, 46 U.S.C. §§ 30501, *et seq.*, and Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims. (Doc. 1). Petitioner filed the Amended Complaint, the operative pleading, on September 20, 2021. (Doc. 8, "FAC"). The Court entered an Order on November 19, 2021 directing the Clerk of Court to issue a notice to all persons asserting claims with respect to the Amended Complaint that such claims must be filed on or before January 10, 2022 (Doc. 13), and the Clerk of Court accordingly issued a notice that same day (Doc. 14). Claimant filed his Claim on January 6, 2022 pressing three claims for relief: (i) a claim for negligence and unseaworthiness under the Jones Act, 46 U.S.C. § 688; (ii) a claim for unseaworthiness under *Seas Shipping Co. v. Sieracki*, 328 U.S. 85 (1946); and (iii) a claim for negligence under general maritime law. (Doc. 16, "Claim"). Petitioner filed an Answer on January 17, 2022 and discovery in this action closed on September 30, 2022. (Doc. 18; Doc. 26).

Petitioner filed its motion for summary judgment, pursuant to the briefing schedule set forth by the Court, on February 17, 2023 (Doc. 35; Doc. 36, "Russell Decl."; Doc. 37, "56.1 Stmt."; Doc. 38, "Pet. Br."). Claimant filed his opposition (Doc. 40, "Cl. Br."; Doc. 41, "Floriani Decl."), and the motion was fully briefed with the filing of Petitioner's reply (Doc. 40, "Reply").

For the reasons set forth below, Petitioner's motion for summary judgment is GRANTED.

## BACKGROUND

The Court recites the facts herein only to the extent necessary to adjudicate the extant motion for summary judgment and draws them from the pleadings, Petitioner's Rule 56.1 Statement, Claimant's responses thereto, and the admissible evidence proffered by the parties. Unless otherwise indicated, the facts cited herein are undisputed.

### I.   Verplanck Fire District's Operations

VFD is an all-volunteer fire district providing fire protection, ambulance, and EMS services to the hamlet of Verplanck in Westchester County. (56.1 Stmt. ¶ 1). Approximately 90% of VFD's calls for service, since 2018, are land-based calls for medical assistance and land-based fire rescue calls. (*Id.* ¶ 6).[1] VFD also owns and seasonally operates a 25.5-foot vessel, Marine I, which is used to perform fire rescue services in and around the Hudson River in northern Westchester County from April through mid-November each year. (*Id.* ¶ 8). Any volunteer firefighter who wants to operate Marine I to respond to a call on the Hudson River must first complete operational training provided by VFD. (*Id.* ¶ 11). VFD will only respond to a call on the Hudson River with Marine I if a trained operator and sufficient number of volunteer firefighters volunteer for the call. (*Id.* ¶ 13).

---

[1] Local Rule 56.1(c) provides that facts in a 56.1 Statement "will be deemed to be admitted for purposes of the motion unless specifically controverted by a correspondingly numbered paragraph in the statement required to be served by the opposing party." Local Civil Rule 56.1(c). Furthermore, "[e]ach statement . . . including each statement controverting any statement of material fact, must be followed by citation to evidence which would be admissible." *Id.* at 56.1(d). Petitioner responds to this fact by stating, "Dyckman lacks information to either admit or deny this proposed Material Fact." (56.1 Stmt. ¶ 6). When a party merely states that it lacks information regarding a fact instead of specifically controverting it, the fact is treated as "undisputed for purposes of summary judgment." *Universal Church, Inc. v. Universal Life Church/ULC Monastery*, No. 14-CV-05213, 2017 WL 3669625, at *1 n.1 (S.D.N.Y. Aug. 8, 2017). Paragraph 6 of the 56.1 Statement is thus deemed admitted for purposes of summary judgment.

VFD participates in New York State's Length of Service Award Program ("LOSAP") which provides a defined monetary retirement benefit to volunteer firefighters for each calendar year of active service. (*Id.* ¶ 16). The LOSAP requires a firefighter to accrue a minimum of fifty (50) points in a year to become eligible to receive the monetary retirement benefit for that year. (*Id.* ¶ 17). Points are awarded for each activity performed by a volunteer firefighter. (*Id.*). VFD prepares and maintains a yearly LOSAP Form for each individual firefighter for the purpose of determining a firefighter's eligibility to receive a retirement benefit. (*Id.* ¶ 18). The LOSAP Form details the number of fire/rescue calls, ambulance/EMS calls, training events, and other miscellaneous activities performed by each volunteer firefighter for each month. (*Id.* ¶ 20).

## II.    Dyckman's Service with the Verplanck Fire District

Dyckman has been a volunteer firefighter with VFD since November 14, 2013. (*Id.* ¶ 2). He joined as a junior firefighter and became a full member of the VFD after turning 18 and completing a firefighting class. (*Id.* ¶ 3). The majority of Dyckman's service since joining the VFD involved responding to calls for medical assistance (EMS/ambulance services). (*Id.* ¶ 7). Dyckman did not participate in the operational training required to operate Marine I and was not authorized to operate Marine I, but he did complete a boating safety class on May 22, 2014 and was permitted to respond to calls on the Hudson River. (*Id.* ¶¶ 9-12).

Dyckman's 2018 LOSAP Form states that he performed fifty-seven (57) activities in 2018 which included: responding to twenty-three (23) land-based fire/rescue calls, responding to twenty-three (23) land-based ambulance/EMS calls, attending four (4) drills, attending two (2) company meetings, performing three (3) firehouse cleanups, and attending two (2) parades. (*Id.* ¶ 23). Two (2) of Dyckman's fifty-seven (57) activities in 2018 took place on Marine I: (i) a July 2, 2018, "Marine Overview" drill; and (ii) an August 9, 2018, fire/rescue on the Hudson River near

Croton, New York.[2] (Russell Decl., Ex. 3 ¶ 6). Three (3) of the ninety-five (95) activities identified in Dyckman's 2019 LOSAP Form were vessel-related. (56.1 Stmt. ¶ 28). Three (3) of the fifty-nine (59) activities identified in Dyckman's 2020 LOSAP Form were vessel-related. (*Id.* ¶ 31). Dyckman's vessel-related activities accounted for approximately 3.51%, 3.16%, and 5.08% of his total activities with the VFD in 2018, 2019, and 2020, respectively. (*Id.* ¶¶ 25, 28, 31).

Dyckman was injured on August 9, 2020 while onboard Marine I while responding to a report of a boat fire on the Hudson River near Croton Point Park, New York. (*Id.* ¶ 32). Marine I was set to collide with a vessel from the Westchester County Police Department responding to the same boat fire. (Russell Decl., Ex. 2 at 120:16-122:11). Dyckman tried to avoid the collision by extending his leg between the two vessels in an attempt to push the other vessel away. (*Id.*). Dyckman's leg was injured as a result thereof. (*Id.*). Dyckman applied for and received benefits under New York's Volunteer Firefighters Benefit Law ("VFBL") after his August 9, 2020 injury. (*Id.* ¶ 34). These benefits have paid for Dyckman's medical care related to his injuries and have provided bi-monthly compensation benefits. (*Id.*) Dyckman continues to receive benefits from the VFD under the VFBL. (*Id.*).

## STANDARD OF REVIEW

### I.    The Limitation of Liability Act of 1851 and Rule F

The Limitation of Liability Act of 1851, 46 U.S.C. §§ 30501, *et seq.*, limits a vessel owner's liability to the value of the vessel and its freight for any damage, including personal injury, caused by a collision that occurs "without the privity or knowledge of the owner." *See* 46 U.S.C. § 30505(b). "[T]he Act loosens the normal rules of *respondeat superior* in admiralty cases by

---

[2] Dyckman states in his responses to VFD's Requests to Admit that the August 9, 2018 fire/rescue call was cancelled while VFD volunteer firefighters were in the process of responding and Marine I never left the boat yard on that call. (Russell Decl., Ex. 3 ¶ 6).

allowing shipowners to insulate their personal assets (beyond the value of the ship) in cases where any negligence is committed without the owner's privity or knowledge." *In re Bensch*, 2 F.4th 70, 73 (2d Cir. 2021); *see also Tandon v. Captain's Cove Marina of Bridgeport*, 752 F.3d 239, 244 (2d Cir. 2014) ("The Act thus protects the owner of a vessel from unlimited vicarious liability for damages caused by the negligence of his captain or crew.").[3]

To secure relief under the Act, a vessel owner must file a complaint for limitation of liability—more often referred to as a "petition," *see Tandon*, 752 F.3d at 240 n.1—in federal court within six months of receiving written notice of a claim and must post security in the amount of their interest in the vessel and any freight. *See* 46 U.S.C. § 30511(a); Rule F of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions ("Rule F"). The complaint "may demand exoneration from as well as limitation of liability," and, by rule, must contain specific factual allegations, such as "the facts on the basis of which the right to limit liability is asserted and all facts necessary to enable the court to determine the amount to which the owner's liability shall be limited." Rule F(2). The complaint must further contain specific facts concerning the voyage at issue, the amount of all known demands and claims arising from the voyage, the status and value of the vessel, and the amount of any freight. *Id.*

Once a compliant complaint is filed, "all claims and proceedings against the [vessel] owner or the [vessel] owner's property with respect to the matter in question shall cease." Rule F(3). Upon the Claimant's application, the court must "enjoin the further prosecution of any action or proceeding against the [Claimant] or the [Claimant's] property with respect to any claim subject to limitation in the action." *Id.* The rules then require notice and publication of notice to all persons

---

[3] Unless otherwise indicated, case quotations omit all internal citations, quotation marks, footnotes, and alterations.

asserting claims with respect to which the complaint seeks limitation. Rule F(4). The notice must "admonish [claimants] to file their respective claims with the clerk of the court and to serve on the attorneys for the [Claimant] a copy thereof on or before a date to be named in the notice," which date shall not be less than 30 days from issuance of the notice. *Id.* Claims must thereafter be timely filed and served and must specify "the facts upon which the claimant relies in support of the claim, the items thereof, and the dates on which the same accrued." Rule F(5). "If a claimant desires to contest either the right to exoneration from or the right to limitation of liability the claimant shall file and serve an answer to the complaint unless the claim has included an answer." *Id.*

## II.    Motion for Summary Judgment

Pursuant to Federal Rule of Civil Procedure 56, a court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed R. Civ. P. 56(a). "A fact is 'material' if it 'might affect the outcome of the suit under the governing law,' and is genuinely in dispute 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Liverpool v. Davis*, No. 17-CV-3875, 2020 WL 917294, at *4 (S.D.N.Y. Feb. 26, 2020) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). "'Factual disputes that are irrelevant or unnecessary' are not material and thus cannot preclude summary judgment." *Sood v. Rampersaud*, No. 12-CV-05486, 2013 WL 1681261, at *1 (S.D.N.Y. Apr. 17, 2013) (quoting *Anderson*, 477 U.S. at 248). The Court's duty, when determining whether summary judgment is appropriate, is "not to resolve disputed issues of fact but to assess whether there are any factual issues to be tried." *Id.* (quoting *Wilson v. Nw. Mut. Ins. Co.*, 625 F.3d 54, 60 (2d Cir. 2010)). Indeed, the Court's function is not to determine the truth or weigh the evidence. The task is material issue spotting, not material issue determining. Therefore, "where there is an absence of sufficient proof as to one essential element

of a claim, any factual disputes with respect to other elements of the claim are immaterial." *Bellotto v. Cty. of Orange*, 248 F. App'x 232, 234 (2d Cir. 2007) (quoting *Salahuddin v. Goord*, 467 F.3d 263, 281 (2d Cir. 2006)).

"It is the movant's burden to show that no genuine factual dispute exists." *Vermont Teddy Bear Co. v. 1-800 Beargram Co.*, 373 F.3d 241, 244 (2d Cir. 2004) (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970)). The Court must "resolve all ambiguities and draw all reasonable inferences in the non-movant's favor." *Id.* (citing *Giannullo v. City of N.Y.*, 322 F.3d 139, 140 (2d Cir. 2003)). Once the movant has met its burden, the non-movant "must come forward with specific facts showing that there is a genuine issue for trial." *Liverpool*, 2020 WL 917294, at * 4 (quoting *Matsushita Elec. Indus. Co.* v. *Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986)). The non-movant cannot defeat a summary judgment motion by relying on "mere speculation or conjecture as to the true nature of the facts." *Id.* (quoting *Knight* v. *U.S. Fire Ins. Co.*, 804 F.2d 9, 12 (2d Cir. 1986)). However, if "there is any evidence from which a reasonable inference could be drawn in favor of the opposing party on the issue on which summary judgment is sought, summary judgment is improper." *Sood*, 2013 WL 1681261, at *2 (citing *Sec. Ins. Co. of Hartford v. Old Dominion Freight Line Inc.*, 391 F.3d 77, 83 (2d Cir. 2004)).

Should there be no genuine issue of material fact, the movant must also establish its entitlement to judgment as a matter of law. *See Glover v. Austin*, 289 F. App'x 430, 431 (2d Cir. 2008) ("Summary judgment is appropriate if, but only if, there are no genuine issues of material fact supporting an essential element of the plaintiffs' claim for relief."); *Pimentel v. City of New York*, 74 F. App'x 146, 148 (2d Cir. 2003) (holding that because plaintiff "failed to raise an issue of material fact with respect to an essential element of her[] claim, the District Court

properly granted summary judgment dismissing that claim"). Simply put, the movant must separately establish that the law favors the judgment sought.

## ANALYSIS

### I.  Claimant's First Claim for Relief – Jones Act Claim

Claimant alleges, in his first claim for relief, that he "sustained severe and serious personal injuries caused by reason of the negligence, gross negligence, and reckless conduct of the [VFD] and its unseaworthy vessel" and seeks recovery under the Jones Act, 46 U.S.C. § 30104. (Claim ¶¶ 16-17). Under the Jones Act, "[a] seaman injured in the course of employment . . . may elect to bring a civil action at law, with the right of trial by jury, against the employer." 46 U.S.C. § 30104. "Only seaman are entitled to sue for damages under the Jones Act." *O'Hara v. Weeks Marine, Inc.*, 294 F.3d 55, 63 (2d Cir. 2002). Petitioner argues that Claimant's Jones Act claim must be dismissed because Claimant is not a "seaman" under the Jones Act. (Pet. Br. at 9-12).

"To prove seaman status, an employee must establish his or her (1) employment-related connection, (2) to a vessel in navigation." *O'Hara*, 294 F.3d at 63. "An employment-related connection" to a vessel exists if two conditions are satisfied: first, the worker's duties must contribute to the function of the vessel or to the accomplishment of its mission; second, the worker's connection to the vessel must be substantial in both its duration and its nature." *Id.* "Land-based maritime workers do not become seamen because they happen to be working on board a vessel when they are injured, and seamen do not lose Jones Act protection when the course of their service to a vessel takes them ashore." *Chandris, Inc. v. Latsis*, 515 U.S. 347, 361 (1995). The Jones Act does not protect workers with "only a transitory or sporadic connection to a vessel in navigation." *Id.* at 368. "A maritime worker who spends only a small fraction of his working time on board a vessel is fundamentally land based and therefore not a member of the vessel's crew,

8

regardless of what his duties are." *Id.* at 371. The Supreme Court, in *Chandris*, "adopted a rule of thumb that a worker spending less than approximately thirty percent of his time serving a vessel in navigation could not be classified as a Jones Act seaman." *Sologub v. City of New York*, 202 F.3d 175, 180 (2d Cir. 2000) (citing *Chandris*, 515 U.S. at 371).

It is undisputed that out of the 211 activities Claimant performed for the VFD from 2018 through 2020, only eight (8) were related to Marine I. (56.1 Stmt. ¶¶ 25, 28, 31).[4] Claimant's vessel-related activities, in other words, accounted for approximately 3.8% of his total activities with the VFD from 2018 through 2020.[5] It is further undisputed that Claimant "did not participate in operational training and was not authorized to operate Marine I to respond to calls on the Hudson River." (*Id.* ¶ 12). Claimant does not dispute that his time on Marine I falls short of the thirty percent guideline adopted in *Chandris*, but instead argues that the Court should depart from the guideline because VFD firefighters "are volunteers who are permitted a flexible schedule—and therefore so should what is needed for them to be considered Jones Act seaman." (Cl. Br. at 8). Claimant does not cite to, and the Court is unaware of, any authority that supports the proposition that individuals working on a volunteer-basis should be held to a relaxed standard for purposes of determining seaman status under the Jones Act.[6]

---

[4] It bears noting that on one (1) of these eight (8) vessel-related activities—an August 9, 2018 fire/rescue on the Hudson River near Croton, New York—Marine I never left the boat yard because the fire/rescue call was cancelled while Marine I was still docked. (Russell Decl., Ex. 3 ¶ 6).

[5] To the extent that Claimant attempts to create a new formula under *Chandris* it is unavailing. (Cl. Br. at 5-6). Claimant suggests that the *Chandris* percentage should be defined by Claimant's time on the vessel "compared to the total amount of time that Marine I is actually engaged in a water related activity." (*Id.* at 6). That results in an increase in Claimant's vessel-related activity to 17.6%--a figure that still falls well short of the Supreme Court's rule of thumb that a worker spend 30% of his time on vessel-related activities to be considered a seaman under the Jones Act. *Chandris*, 515 U.S. at 361.

[6] The lone case cited by Claimant, *Boy Scouts of Am. v. Graham*, is distinguishable. 86 F.3d 861 (9th Cir. 1996). *Graham* involved a volunteer aboard a 10-day cruise who "was not doing any land-based work" and "was closely associated with the ship." *Id.* at 864. The volunteer's connection to the vessel was not an issue before the Ninth Circuit in *Graham* (Graham was on the cruise ship 100% of his time) and as such, the

Claimant's connection to Marine I, "in terms of both duration and nature, was insufficient when analyzed in light of the Jones Act's intention to protect sea-based maritime workers and not land-based employees." *Sologub*, 202 F.3d at 180. Claimant has failed to establish "seaman" status under the Jones Act. Accordingly, the Court grants Petitioner's motion for summary judgment as to Claimant's first claim for relief for negligence and unseaworthiness under the Jones Act.

## II. **Claimant's Second Claim for Relief – *Sieracki* Claim**

Claimant alleges, in his second claim for relief, that he was "seriously injured . . . as a result of the unseaworthiness of Marine I, the [VFD] breached its duties established in *Seas Shipping Co. v. Sieracki*, 328 U.S. 85 (1946) and its progeny." (Claim ¶¶ 19-20). "[U]nder *Seas Shipping Co. v. Sieracki*, the duty of seaworthiness extends to those who are not 'seamen' under the Jones Act, but who nonetheless are 'doing a seaman's work and incurring a seaman's hazards.'" *Radut v. State St. Bank & Tr. Co.*, No. 03-CV-07663, 2004 WL 2480467, at *3 (S.D.N.Y. Nov. 4, 2004) (quoting *Sieracki*, 328 U.S. at 99); *see also Gravatt v. City of New York*, 226 F.3d 108, 116 (2d Cir. 2000) ("Under *Sieracki*, vessels were liable as third parties to longshoremen for injuries resulting from the vessels' unseaworthy condition. An action for unseaworthiness had previously been available only to seamen."). "*Sieracki* thus creates a class of '*Sieracki* seamen.'" *Radut*, 2004 WL 2480467, at *3. "*Sieracki* seamen have been held to include independent contractors temporarily aboard ships, e.g., carpenters, river pilots, and divers." *Id.* "One need not be engaged in traditional maritime work to be a *Sieracki* seaman: the doctrine has been held to encompass a hairdresser employed by an independent contractor in a cruise ship's beauty salon." *Id.* (citing *Mahramas v. American Export Isbrandtsen Lines, Inc.,* 475 F.2d 165 (2d Cir.1973)).

---

court did not address the thirty percent guideline articulated by the Supreme Court in *Chandris*.

The key to the *Sieracki* analysis is whether Claimant is an independent contractor under New York law. Simply stated, Claimant is not an independent contractor under New York law. The relationship between that of a volunteer firefighter like Complainant and the VFD is instead statutorily defined as "that of employer and employee." N.Y. Vol. Fire Ben. Law § 2. Claimant is therefore an employee of VFD and not entitled to seaman status under *Sieracki*, which is a doctrine that "was developed precisely for independent contractors." *Radut*, 2004 WL 2480467 at *3. Separately, and in any event, Claimant's claim for unseaworthiness fails because the *Sieracki* doctrine—as well as the warranty of seaworthiness under general maritime law—was not intended to include land-based workers like Claimant. *McDermott Intern. Inc. v. Wilander*, 498 U.S. 337, 348 (1991) ("Whether under the Jones Act or general maritime law, seaman do not include land-based workers.").

Claimant has failed to establish that he is a "seaman" under *Sieracki* and therefore cannot maintain a claim for unseaworthiness.[7] Accordingly, the Court grants Petitioner's motion for summary judgment as to Claimant's second claim for relief for unseaworthiness.

### III. Claimant's Third Claim for Relief – General Maritime Negligence Claim

Claimant alleges, in his third claim for relief, that VFD "was negligent, careless and reckless under the general maritime law of the United States." (Claim ¶ 22). Petitioner argues that

---

[7] "Case law provides that when a worker is (1) aboard a vessel naturally and primarily as an aid to navigation, (2) is performing more than temporary or transitory seaman's work aboard such vessel, and (3) is exposed to a seaman's hazards in connection with such work, he may maintain a claim for unseaworthiness." *Conklin v. Specialist, LLC*, No. 16-CV-02515, 2017 WL 4480187, at *2 (S.D.N.Y. Oct. 6, 2017) (citing *Klarman v. Santini*, 503 F.3d 29, 33 (2d Cir. 1974)); *Harney v. William Moore Building Corp.*, 359 F.2d 649, 654 (2d Cir. 1966)). Claimant has failed to cite to any evidence that he was aboard Marine I "primarily as an aid to navigation." *Conklin*, 2017 WL 4480187, at *2. The record is clear that, far from being an aid to navigation, Claimant was not even authorized to operate Marine I. (56.1 Stmt. ¶¶ 9-12). Further, as explained *supra*, Claimant's role was largely land-based, with only a small fraction of his activities with the VFD taking place on Marine I. Claimant's vessel-based activities were merely temporary or transitory in nature. Even under *Sieracki*, "seaman do not include land-based workers." *McDermott Int'l, Inc. v. Wilander*, 498 U.S. 337, 348 (1991).

Claimant's general maritime law claim is barred because his exclusive remedy against VFD are the benefits Claimant is receiving pursuant to the VFBL. (Pet. Br. at 14-19). Section 19 of the VFBL provides, *inter alia*, that "[t]he benefits provided by this chapter ***shall be the exclusive remedy of a volunteer firefighter*** . . . at common law or otherwise, for or on account of an injury to a volunteer firefighter in line of duty." N.Y. Vol. Fire. Ben. L. § 19 (emphasis added). Although this is an admiralty action, "[t]he exercise of admiralty jurisdiction . . . does not result in automatic displacement of state law." *Yamaha Motor Corp., U.S.A. v. Calhoun*, 516 U.S. 199, 206 (1996). "[S]tate law applies where no applicable admiralty rule exists, where local and state interests predominate and where uniformity principal is not crucial." *Stanley v. Bertram-Trojan, Inc.*, 868 F. Supp. 541, 543 (S.D.N.Y. 1994). There is no indication that application of the VFBL to bar Claimant's general maritime negligence claim would impact the uniform application of maritime law. This is especially true given the Court's holdings *supra* that Claimant has failed to establish that he is a "seaman" under either the Jones Act or *Sieracki*.

With respect to whether state and local interests predominate here, the Court of Appeals for the Eleventh Circuit, in *Brockington v. Certified Electric, Inc.*, held that a state workers' compensation exclusive remedy provision was not preempted by maritime law and thus barred a general maritime negligence claim brought by worker who had received state workers' compensation benefits. 903 F.2d 1523 (11th Cir. 1990). The Eleventh Circuit reasoned that "the state has a strong interest in application of its worker's compensation law with no comparable interest to tip the balance in favor of application of general maritime law." *Id.* at 1533. Likewise, the Appellate Division, Second Department of the New York Supreme Court, in *Durando v. City of New York*, affirmed the trial court's holding that the exclusive remedy of New York's Workers' Compensation Law, N.Y. Workers' Comp. Law §§ 10, 11, "was not preempted by general

maritime law." 105 A.D.3d 692 (2d Dept. 2013). The trial court relied on *Brockington* in concluding that New York's Workers' Compensation Law was not preempted and reasoned that the Eleventh Circuit's decision "closely hews to New York law." *Durando v. City of New York*, 33 Misc. 3d 1231(A), 941 N.Y.S.2d 537 (Sup. Ct. 2011).

Here, like in *Brockington* and *Durando*, the Court is presented with a overwhelmingly land-based worker who suffered non-fatal injuries in navigable waters, who is covered by a state workers' compensation statute, who asserted a negligence claim under general maritime law, and who exhibited only a *de minimis* connection to maritime activity. 903 F.2d at 1528; 105 A.D.3d at 696. The Court concludes, viewed in this light, that New York's interest in applying the VFBL outweighs a relatively weak federal interest in allowing a person such as Claimant to assert a general maritime tort claim against his employer. The exclusive remedy provision of the VFBL is not therefore preempted by federal maritime law and Claimant's general maritime negligence claim is barred as a result of his receipt of benefits under the VFBL.

Accordingly, the Court grants Petitioner's motion for summary judgment as to Claimant's third claim for relief for negligence under general maritime law.

## CONCLUSION

For the foregoing reasons, Petitioner's motion for summary judgment is GRANTED and Claimant's Claim is DISMISSED with prejudice. The Court GRANTS the petition for exoneration from liability arising from Claimant's Claim and holds that Petitioner is not liable for any of Claimant's losses arising from the August 9, 2020 incident.

The Clerk of Court is respectfully directed to terminate the motion sequence pending at Doc. 35 and close this case.

13

SO ORDERED.

Dated:    White Plains, New York
          August 17, 2023

_____
PHILIP M. HALPERN
United States District Judge